**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MOBILITY WORKX, LLC<br>*Plaintiff*,<br>v.<br>CISCO SYSTEMS, INC.<br>*Defendant*. | Case No. 4:24-cv-00799-ALM<br>**JURY TRIAL DEMANDED** |

**CISCO SYSTEMS, INC.'S ANSWER AND DEFENSES**

Defendant Cisco Systems, Inc. ("Defendant" or "Cisco") hereby files its Answer to Plaintiff Mobility Workx's ("Plaintiff") Complaint for Patent Infringement (the "Complaint") and responds to each of the numbered paragraphs as follows:

**INTRODUCTION[1]**

Cisco admits that the Complaint purports to make claims for patent infringement of United States Patent Nos. 7,697,508 (the "'508 Patent") and 8,213,417 (the "'417 Patent") (collectively, the "Asserted Patents"). Cisco denies any and all allegations of infringement of the Asserted Patents. To the extent that this paragraph contains any additional factual allegations, Cisco lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the remaining allegations.

**PARTIES**

1. Cisco admits, based upon a reasonable investigation, that 215 Circle Drive, Winters, TX 79567 is a residential address belonging to Abdelsalam Helal. Cisco lacks knowledge

[1] Cisco's use of headings in this Answer is for convenience only and is not an admission as to any of Plaintiff's allegations in the Complaint.

or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint and, therefore, denies the same.

2. Cisco admits that the ’508 Patent is entitled “System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources.” Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ownership of the ’508 Patent and of the remaining allegations of Paragraph 2, and therefore denies the same.

3. Cisco admits that the ’417 Patent is entitled “System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources.” Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ownership of the ’417 Patent and of the remaining allegations of Paragraph 3, and therefore denies the same.

4. Cisco admits that it is incorporated in Delaware. Cisco admits that its headquarters is located at 170 West Tasman Drive, San Jose, California 95134, and that it has an office at 2300 East President George Bush Turnpike, Richardson, TX 75082. Cisco denies any remaining allegations set forth in Paragraph 4.

5. Cisco admits that it operates a website at www.cisco.com through which it advertises various products and services, but denies any remaining allegations set forth in Paragraph 5.

6. Cisco denies the allegations set forth in Paragraph 6.

## JURISDICTION AND VENUE

7. Cisco admits that the Complaint purports to make a claim for patent infringement arising under Title 35 of the United States Code, and does not dispute that this Court has subject matter jurisdiction over patent law claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), but Cisco denies the merits of this action or that Plaintiff is entitled to any relief.

8. Cisco denies that it resides in this District. However, for this particular action,

Cisco does not contest personal jurisdiction or venue. Cisco denies any allegations of infringement of any of the Asserted Patents. Cisco denies that it has committed any acts of infringement of any of the Asserted Patents within the Eastern District of Texas, or any other District within the State of Texas. Cisco denies any remaining allegations set forth in Paragraph 8.

9. Cisco denies that this District is a convenient venue in which to litigate this action. However, for this particular action, Cisco does not contest personal jurisdiction or venue. Cisco admits that it has an office at 2300 East President George Bush Turnpike, Richardson, TX 75082. Cisco denies any remaining allegations set forth in Paragraph 9.

## COUNT I
## INFRINGEMENT OF THE '508 PATENT

10. No response is required to Plaintiff's reference and incorporation of Paragraphs 1-9 above. To the extent a response is required, Cisco repeats and incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-9.

11. Cisco admits that Exhibit 1 purports to be a copy of U.S. Patent No. 7,697,508, entitled "System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources." Cisco is without knowledge or information sufficient to form a belief about Plaintiff's ownership of the '508 Patent, and therefore denies the same. Cisco denies that the '508 Patent is valid, enforceable, or duly and legally issued in compliance with Title 35 of the United States Code. Cisco denies any remaining allegations set forth in Paragraph 11.

12. Cisco denies all allegations set forth in Paragraph 12.

13. Cisco denies all allegations set forth in Paragraph 13.

14. Cisco denies all allegations set forth in Paragraph 14.

15. Cisco denies all allegations set forth in Paragraph 15.

16. Cisco denies all allegations set forth in Paragraph 16.

17. The allegations in Paragraph 17 contain legal conclusions to which no answer is required. To the extent an answer is required, Cisco denies all allegations set forth in Paragraph 17.

18. The allegations in Paragraph 18 contain legal conclusions to which no answer is required. To the extent an answer is required, Cisco denies all allegations set forth in Paragraph 18.

**COUNT II**
**INFRINGEMENT OF THE ’417 PATENT**

19. No response is required to Plaintiff’s reference and incorporation of Paragraphs 1-18 above. To the extent a response is required, Cisco repeats and incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-18.

20. Cisco admits that Exhibit 3 purports to be a copy of U.S. Patent No. 8,213,417, entitled “System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources.” Cisco is without knowledge or information sufficient to form a belief about Plaintiff’s ownership of the ’417 Patent, and therefore denies the same. Cisco admits that the ’417 Patent was subject to an *Inter Partes* review, and that the ’417 Patent’s claims 1, 2, 3, 5, and 7 were found unpatentable. Cisco denies that claims 3 and 6 are valid, enforceable, or duly and legally issued in compliance with Title 35 of the United States Code. Cisco denies any remaining allegations set forth in Paragraph 20.

21. Cisco denies all allegations set forth in Paragraph 21.

22. Cisco denies all allegations set forth in Paragraph 22.

23. Cisco denies all allegations set forth in Paragraph 23.

24. Cisco denies all allegations set forth in Paragraph 24.

25. The allegations in Paragraph 25 contain legal conclusions to which no answer is

required. To the extent an answer is required, Cisco denies all allegations set forth in Paragraph 25.

26. The allegations in Paragraph 26 contain legal conclusions to which no answer is required. To the extent an answer is required, Cisco denies all allegations set forth in Paragraph 26.

## PRAYER FOR RELIEF

Cisco denies that Plaintiff is entitled to any relief, either as prayed for in its Complaint or otherwise.

## DEMAND FOR JURY TRIAL

Cisco admits that the Complaint set forth a demand for a trial by jury. Cisco similarly requests a trial by jury.

## CISCO'S AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, Cisco alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to the responses above, Cisco specifically reserves all rights to amend its Answer and allege any additional defenses, as permitted by the Court's scheduling order or that become known through the course of discovery. Further, Cisco repeats and incorporates by reference each of its answers in the foregoing paragraphs as if fully set forth herein.

## FIRST DEFENSE – NON-INFRINGEMENT

Cisco has not, and does not, infringe, either directly, literally or under the doctrine of equivalents, indirectly, contributorily, or by inducement, any valid and enforceable claim of the Asserted Patents in any manner, including under any section of 35 U.S.C. § 271, including 35

U.S.C. §271(a), (b), and/or (c), willfully or otherwise.

**SECOND DEFENSE – INVALIDITY/INELIGIBILITY**

The claims of the Asserted Patents are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and 112. By way of example only, each asserted claim is invalid in light of the references cited on their face, the admitted prior art in the specifications, arguments, and references cited during prosecution of the Asserted Patents, or an *Inter Partes* review, and the knowledge of a person of ordinary skill in the art.

**THIRD DEFENSE – UNAVAILABILITY OF DAMAGES AND COSTS**

Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 286, 287, 288, and/or 307. To the extent Plaintiff, former owners of the Asserted Patents, or any licensees have failed to comply with the marking and notice requirements of 35 U.S.C. § 287(a), Plaintiff's requested relief is barred, in whole or in part, for any damages arising from Cisco's alleged infringement prior to at least the date of the filing of the original Complaint, or otherwise limited by 35 U.S.C. § 286. Plaintiff is also barred from recovering costs in connection with this action under 35 U.S.C. § 288. Plaintiff's claims for relief are further limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

**FOURTH DEFENSE – STATUTE OF LIMITATIONS**

Plaintiff is barred from recovering damages for alleged acts of infringement occurring outside the statute of limitations, pursuant to 35 U.S.C. § 286.

**FIFTH DEFENSE – EXPRESS LICENSE OR IMPLIED LICENSE**

Plaintiff's claims for patent infringement are barred in whole or in part: (i) to the extent any allegedly infringing products are supplied, directly or indirectly, to Cisco by an entity or

entities having express or implied licenses to the Asserted Patents; (ii) to the extent Cisco is alleged to infringe the Asserted Patents indirectly by supplying products, directly or indirectly, to an entity or entities having express or implied licenses to the Asserted Patents; and (iii) to the extent Plaintiff's infringement allegations are based in whole or in part upon Cisco's use or sale of products in which Plaintiff's patent rights have exhausted or are subject to the first-sale doctrine.

**SIXTH DEFENSE – SALES TO UNITED STATE GOVERNMENT**

To the extent any products accused of infringement in this case are used by and/or manufactured for the United States Government or a person or entity affiliated with the United States Government, Plaintiff's claims with respect to those products cannot be pursued in this Court and are subject to other limitations under 28 U.S.C. § 1498.

**SEVENTH DEFENSE – EQUITABLE DOCTRINES**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, acquiescence, prosecution laches, equitable estoppel, implied license, patent misuse, and/or unclean hands (including, but not limited to, Abdelsalam Helal and/or Edwin Hernandez-Mondragon's unclean hands in the procurement and enforcement of the Asserted Patents).

**EIGHTH DEFENSE – NO WILLFUL INFRINGEMENT OR ENHANCED DAMAGES**

Plaintiff is not entitled to enhanced or increased damages for willful infringement because Cisco has not engaged in any conduct that meets the standard for willful infringement.

**NINTH DEFENSE – PROSECUTION HISTORY ESTOPPEL AND ENSNAREMENT**

Plaintiff is estopped based on amendments, statements, representations, and admissions made during prosecution of the applications that led to the Asserted Patents, and applications related to the Asserted Patents, from asserting any interpretation of the claims of the Asserted Patents that would be broad enough to cover any of Cisco's products or methods alleged to infringe the Asserted Patents, including assertions under the doctrine of equivalents. Additionally,

Plaintiff's claims for patent infringement under the doctrine of equivalents are precluded, in whole or in part, by the doctrine of ensnarement.

**TENTH DEFENSE – NO EQUITABLE ENTITLEMENT TO INJUNCTIVE RELIEF**

Plaintiff is not entitled to injunctive relief at least because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law for its claims. Specifically, Plaintiff will not be able to demonstrate (1) irreparable injury, (2) that damages are inadequate remedies, (3) that an equitable remedy is appropriate on balance, and (4) that the public interest would not be disserved by the issuance of an injunction.

**ELEVENTH DEFENSE – NO EXCEPTIONAL CASE**

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Cisco pursuant to 35 U.S.C. § 285.

**TWELFTH DEFENSE – STANDING/OWNERSHIP**

To the extent that Plaintiff is not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, Plaintiff lacks standing to bring one or more claims in this lawsuit.

**ADDITIONAL DEFENSES AND RESERVATION OF RIGHTS**

Cisco is presently investigating the facts relating to the procurement of the Asserted Patents and the assertions of infringement against Cisco, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, Cisco reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

In addition to the defenses described above, Cisco reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, which may now exist or in the future become available based

on discovery and further factual investigation in this case.

**CISCO'S PRAYER FOR RELIEF**

Cisco prays for judgment against Plaintiff as follows:

A. Dismissal with prejudice of Plaintiff's Complaint in its entirety, denying each and every prayer for relief therein;

B. Denial of all remedies sought by Plaintiff in the Complaint;

C. Declaration that this is an exceptional case pursuant to 35 U.S.C. § 285, awarding Cisco its costs and expenses in this action, including reasonable attorneys' fees;

D. A judgment that the claims of each of the Asserted Patents are invalid and/or unenforceable; and

E. Grant Cisco such other and further relief as the Court may deem necessary, just, or proper.

Dated: January 6, 2025

Respectfully submitted,

*/s/ Louis N. Jameson*

Louis N. Jameson
GA State Bar No. 003970
WJameson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Tel: (404) 253-6915
Fax: (404) 253-6901

Tia Fenton
tdfenton@duanemorris.com
Kevin Anderson
kpanderson@duanemorris.com
Chris Ricciuti
cricciuti@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue, N.W., Suite 700 East
Washington, DC 20001

Tel: (202) 776-7800
Fax: (202) 776-7801

Holly E. Engelmann
State Bar No. 24040865
HEngelmann@duanemorris.com
**DUANE MORRIS LLP**
Terrace 7
2801 Via Fortuna, Suite 200
Austin, Texas 78746
Tel: (512) 277-2246
Fax: (512) 597-2301

***ATTORNEYS FOR DEFENDANT CISCO SYSTEMS, INC.***

**CERTIFICATE OF SERVICE**

I certify that on January 6, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Holly Engelmann*
Holly Engelmann